18-208-cr
United States v. Cannon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of September, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             REENA RAGGI,
                     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                     *Appellee*,

                 v.                                                      18-208-cr

BRADFORD CANNON,

                     *Defendant-Appellant*.[1]

---

For Appellant:          Marsha R. Taubenhaus, New York, N.Y.

For Appellee:           Frank J. Balsamello, Anden Chow, Matthew Hellman, Anna M. Skotko, Assistant United States Attorneys *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant-Appellant Bradford Cannon appeals from the January 23, 2018 judgment of conviction entered by the United States District Court for the Southern District of New York (Pauley, *J.*), following his guilty plea for conspiring to distribute 280 grams or more of crack cocaine and quantities of cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (C), and (D). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cannon argues that the judgment of conviction must be vacated because statements made at sentencing undermined the factual basis for his guilty plea. Where, as here, "a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, that claim is reviewable only for plain error." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). Under this standard, the defendant bears the burden of demonstrating "that (1) there was error, (2) the error was plain, [and] (3) the error prejudicially affected his substantial rights." *Id.* (internal quotation marks omitted).

Rule 11 of the Federal Rules of Criminal Procedure provides that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Rule 11 "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). "[I]n order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) (internal quotation marks omitted). "The coconspirators need not have agreed on the details of the conspiracy, so long as they agreed on the essential nature of the plan." *Id.*

Cannon points to the following statements made during sentencing, which he argues undermine the factual basis for his plea: (1) his assertion that he did not become involved in the "240 conspiracy" until sometime in 2015, because during the plea he stated that he "agreed with others" in the conspiracy "from at least 2010" on, App'x at 88; (2) his acceptance of responsibility for marijuana during his plea but the absence of marijuana from the presentencing report; and (3) his contesting whether he led or managed certain co-conspirators, personally possessed firearms, and personally worked with the four co-defendants charged with murder.

First, it is not relevant that Cannon did not become involved in the 240 conspiracy until 2015 because he need not have joined in 2010 "in order to incur liability for the unlawful acts of the conspiracy committed . . . before . . . he . . . became a member." *United States v. Santos*, 541 F.3d 63, 73 (2d Cir. 2008) (internal quotation marks omitted). Second, the absence of marijuana from the presentencing report does not matter because the "conduct to which [Cannon] admit[ted] is in fact an offense under the statutory provision under which he [pled] guilty." *Maher*, 108 F.3d at 1524; *see* App'x at 89-90 (Cannon pleading guilty to conspiring to distribute

2

280 grams or more of crack cocaine and quantities of cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (C), and (D)).

Finally, Cannon conceded—and still concedes—that he "had three co-defendants working for him": Robert Brent, Kendrick McCray, and Jose Sandoval. Appellant's Br. at 14. It is not necessary for him to have led, managed, or even personally worked with every co-conspirator, or for him to have worked with the four co-defendants charged with murder, for Cannon to be a member of the conspiracy. Likewise, Cannon conceded—and still concedes—that he was aware that 240 members possessed and used guns. Cannon's and his counsel's statements at sentencing did not undermine the factual basis for Cannon's plea. Rather, they attempted to mitigate his culpability by minimizing his role in the admitted conspiracy. Accordingly, the district court did not commit plain error in failing to sua sponte vacate his guilty plea.

We have considered the remainder of Cannon's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk